IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY ALAN SCOTT <br> d/b/a THE SCOTT LAW FIRM, <br> Plaintiff, | § § § § | |
| v. | § | Civil Action No. 3:20-CV-2825-M-BH |
| | § | |
| SCOTT D. WOLLNEY, <br> JOSEPH R. SHUGRUE, <br> PAUL A ROMANO, and <br> ATLAS FINANCIAL HOLDINGS, INC., <br> Defendants. | § § § § § § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation are *Defendants' Motion for Sanctions*, filed June 8, 2021 (doc. 69), and *Plaintiff's 1st Amended Motion for Sanctions*, filed June 17, 2021 (doc. 77). Based on the relevant filings, evidence, and applicable law, both motions should be **DENIED**.

## I.   BACKGROUND

Gregory Alan Scott (Plaintiff) sued Atlas Financial Holdings, Inc. (Company), as well as President and Chief Executive Officer Scott D. Wollney (CEO), Vice President and Chief Financial Officer Paul A. Romano (CFO), and Chief Operating Officer Joseph R. Shugrue (COO) in their individual capacities (collectively Corporate Officers), for his unpaid attorney fees and expenses. (doc. 73 at 9-21.)[2]  He claimed that Company provided commercial vehicle insurance in Texas through its insurance companies and subsidiaries, Gateway Insurance Company (GIC) and American Country Insurance Company (American Country), and that Corporate Officers had

---

[1] By standing order of reference dated November 11, 2020 (doc. 28), this case has been referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

direct oversight over insurance policies and claims in Texas. (*Id.* at 4-5.) He alleged that he and COO entered into a "preliminary, verbal attorney-client agreement" in 2014, that Company and Corporate Officers (collectively Defendants) retained his law firm via email to provide legal services for new civil lawsuits filed in Texas, and that he represented GIC, or its policyholders and insureds, in 90 lawsuits filed in Texas. (*Id.* at 9-10.)   After GIC was declared insolvent and placed into liquidation in mid-2020, Plaintiff sought payment for his attorney fees directly from Defendants, but they refused to pay him for his legal services. (*Id.* at 12.)

On August 11, 2020, Plaintiff filed suit against Company, CEO, and COO in the 160th Judicial District Court, in Dallas County, Texas, asserting claims for breach of contract and suit on sworn account. (*See* doc. 1-2 at 1-4.) CFO was later also named as a defendant in a second amended petition. (docs. 1-3, 1-7.) After the state case was removed to federal court on September 11, 2020, and Company answered and counterclaimed for declaratory judgment, Plaintiff filed a motion for partial summary judgment on October 19, 2020. (*See* docs. 1, 13, 15.) He subsequently amended his complaint, reasserting his claims for breach of contract and suit on sworn account, and adding "common law" claims for conversion, tortious interference with a contract, negligent misrepresentation, and negligence. (doc. 36.)

On January 5, 2021, Corporate Officers moved to dismiss Plaintiff's claims against them in the amended complaint for lack of personal jurisdiction, and alternatively for failure to state a claim. (doc. 43.) In his response to the motion on January 25, 2021, Plaintiff expressly withdrew his conversion cause of action. (docs. 48; 50 at 12.) On March 26, 2021, Company moved for summary judgment on the breach of contract and suit on sworn account claims and on its declaratory judgment counterclaim. (*See* doc. 57.) Plaintiff then sought and was granted leave to

2

file a fourth amended complaint on June 9, 2021, which reasserted his claims for breach of contract, suit on sworn account, tortious interference with a contract, negligent misrepresentation, and negligence, and added claims for theft of services, unjust enrichment, intentional misrepresentation, and fraudulent inducement. (docs. 51, 72.) On June 23, 2021, Company moved to dismiss the remaining claims against it for failure to state a claim. (doc. 81.)

Plaintiff's claims against Corporate Officers were dismissed without prejudice for lack of personal jurisdiction on July 6, 2021. (*See* docs. 72, 100, 101.) On September 14, 2021, his partial summary judgment motion was denied, Company's motion was granted in part, and the breach of contract and suit on sworn account claims against Company were dismissed with prejudice; Company's declaratory judgment counterclaim was denied. (*See* docs. 112, 116.) Currently pending is a recommendation dated September 10, 2021, that Company's motion to dismiss be granted, and that the remaining claims against it be dismissed with prejudice. (*See* doc. 113.)

Remaining for determination are Plaintiff's and Defendant's cross-motions for sanctions, which are now ripe. (*See* docs. 69, 77, 89, 103, 104.)

## II. RULE 11

Both sides move for sanctions under both Rule 11.

Rule 11(b) provides that by presenting a filing to a court, attorneys and *pro se* litigants are certifying that to the best of their belief, after reasonable inquiry, (1) the filing is not being presented for an improper purpose, such as harassment, delay, or increasing costs; (2) any claims and/or defenses in the filing are supported by either existing law or by a nonfrivolous argument for changing existing law or establishing new law; and (3) factual contentions have or will likely have evidentiary support. Fed. R. Civ. P. 11(b); *see Sheets v. Yamaha Motors Corp., U.S.A.*, 891

F.2d 533, 535-36 (5th Cir. 1990). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Zuffante v. Stephens*, No. 3:13-CV-1146-B, 2013 WL 4829193, at *1 (N.D. Tex. Sept. 9, 2013) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)). "Rule 11 does not extend to 'abusive tactics in litigation in respects other than the signing of papers.'" *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453, 458 (5th Cir. 2020) (quoting *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc)). Moreover, Fifth Circuit precedent "does not allow the imposition of Rule 11 sanctions merely for the eventual failure of a claim; rather, sanctions are to be applied only where, at the time of the filing, the position advocated is unwarranted." *Matta v. May*, 118 F.3d 410, 415 (5th Cir. 1997) (citing *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1300 (5th Cir. 1994)).

After notice and opportunity to respond, courts finding a Rule 11(b) violation may impose appropriate sanctions. Fed. R. Civ. P. 11(c)(1). These may include monetary and injunctive sanctions, *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986), and even dismissal, *Bell v. Dunn, Johnston & Brown*, No. 3:10-CV-1-M-BH, 2011 WL 759473, at *3 (N.D. Tex. Feb. 7, 2011) (citing *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003)), *adopted by* 2011 WL 726114 (N.D. Tex. Mar. 1, 2011). Courts have a duty to "impose the least severe sanction adequate" to deter future conduct. *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993) (quoting *Akin v. Q–L Invs., Inc.*, 959 F.2d 521, 535 (5th Cir. 1992)); *accord* Fed. R. Civ. P. 11(c)(4). The moving party has the burden to overcome the presumption that pleadings are filed in good faith. *Tompkins v. Cyr*, 202 F.3d 770, 788 (5th Cir. 2000).

Rule 11(c)(2) provides that a motion must be made separately from any other motion and

must describe the specific sanctionable conduct. Fed. R. Civ. P. 11(c)(2). The rule contains a safe harbor provision that requires that the motion "be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* This requirement is strictly construed and substantial compliance is insufficient. *Morris v. Thaler*, No. 3:12-CV-4916-N, 2013 WL 2383652, at *2 (N.D. Tex. May 31, 2013) (citing *In re Pratt*, 524 F.3d 580, 586-88 (5th Cir. 2008) (addressing "substantially identical" bankruptcy Rule 9011)). Informal notice and opportunity to withdraw is not an adequate substitute for serving a copy of the motion at least twenty-one days before filing the motion with the court. *Pratt*, 524 F.3d at 586-88 (noting courts "have continually held that strict compliance with Rule 11 is mandatory"). A motion for Rule 11 sanctions is appropriately denied when the movant fails to comply with this requirement. *Tompkins*, 202 F.3d at 788. The movant has the burden to show compliance with the safe harbor provision. *See id.*; *see also Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); *Morris*, 2013 WL 2383652, at *2.

**A.     Defendants' Motion**

Defendants argue that Rule 11 sanctions are appropriate because Plaintiff's sole purpose for suing Corporate Officers was harassment, and because the claims against them were not based upon a reasonable inquiry, or warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. (doc. 70 at 6-8.)

### 1. *Breach of Contract and Tortious Interference with a Contract*

Defendants first contend that Plaintiff's causes of action against Corporate Officers for

5

breach of contract and tortious interference with a contract were frivolous. (doc. 70 at 6-7.)[3]

Plaintiff's fourth amended complaint asserted a breach of contract claim, and in the alternative, a tortious interference with contract claim against Defendants. (doc. 73 at 9, 17.) It pled that Defendants were jointly and severally liable because "they each breached the terms of the six-year attorney/client contractual relationship by refusing to issue the subject attorney fee payments to the Plaintiff." (*Id.* at 13.) It alternatively pled that because Corporate Officers "deny acting in their *capacities as corporate officers* of [Company] related to the Plaintiff's legal services in 90 lawsuits filed in Texas and/or the payment of the Plaintiff's attorney fees," they were acting in their "*individual capacities* by continuing to hire [him] for Texas lawsuits, then refus[ing] to pay [him] attorney fees." (*Id.* at 14 (emphasis original).) It also alleged that they caused Company and "all of its subsidiaries to be used for the purpose of perpetrating serial 'Thefts of Services' upon the Plaintiff for their direct personal benefit." (*Id.* at 14-15.)

Defendants argue that Plaintiff's breach of contract claim against Corporate Officers was unwarranted and frivolous because officers of a corporation are not liable for the contractual obligations of the corporation under established Texas law, and he cannot make any nonfrivolous argument to materially alter this rule. (doc. 70 at 6-7.) They also argue that the tortious interference with a contract claim was "legally frivolous and not based upon a reasonable inquiry" because a corporate officer must act in his own self-interest to be liable for tortious interference, and Plaintiff "had absolutely no facts at his disposal to overcome this basic rule of Texas tort law." (*Id.* at 7-8.)

Plaintiff responds that his causes of action against Corporate Officers were fact-based and

---

[3]Defendants formally served a copy of their motion for sanctions on Plaintiff on May 14, 2021, and later filed a substantially identical copy of their motion on June 8, 2021. (*See* docs. 69, 69-1.) They have met their burden to show compliance with the safe harbor provision under Rule 11.

made in good faith. (doc. 90 at 7.) He contends that because Defendants assert that no attorney-client contractual relationship existed between him and Company, he "was entitled to assert good faith, fact-based, in the alternative, common law causes of action." (*Id.* at 6-7.) He argues that Corporate Officers were acting in their own self-interest when they hired him, and a corporate officer can be liable for tortious interference under Texas law "where the officer acts in his own self-interest." (*Id.* at 9.)

As noted, Plaintiff's suit against Corporate Officers was dismissed solely for lack of personal jurisdiction without consideration of the merits of the disputed claims. (doc. 101.) His breach of contract and tortious interference claims against them were "not so obviously foreclosed by precedent as to make them legally indefensible." *Snow Ingredients, Inc. v. Snowizard, Inc.*, 833 F.3d 512, 529 (5th Cir. 2016). Under Texas law, "[a] corporate officer or director may not be held liable for inducing the corporation to violate a contractual obligation as long as he or she acts in good faith on the corporation's behalf." *ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 432 (Tex. 1997). To establish individual liability against a corporate officer, "the plaintiff must show that the officer acted in a manner so contrary to the corporation's best interests that his or her actions could only have been motivated by personal interest." *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995). It is also the longstanding rule in Texas that "a corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002). Because Plaintiff alleged that Corporate Officers acted in their own personal interest, suggesting that they did not act in good faith on Company's behalf, his breach of contract and tortious interference claims against Corporate Officers were reasonably supported under existing law. *See Holloway*, 898 S.W.2d at 796. Accordingly, Rule 11 sanctions are not appropriate for those claims.

## 2. *Conversion*

Defendants argue that the conversion claim in the third amended complaint was unwarranted because there is no conversion under Texas law when an indebtedness may be discharged by payment of money. (doc. 70 at 7.)

Here, the third amended complaint asserted a conversion cause of action, but Plaintiff withdrew this claim in his response to Corporate Officers' motion to dismiss, which was well-before the filing of Defendants' sanctions motion. (*See* docs. 36 at 7; 50 at 12.) He did not assert the conversion claim in his fourth amended complaint. (*See* doc. 73.) As discussed, a motion for sanctions under Rule 11 "may not be filed if the non-moving party withdraws or corrects the challenged claim during that 'safe harbor' period." *Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 221 (5th Cir. 2015) (citing Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216). This is because "the safe harbor provision ensures that an offending party will not be subject to sanctions unless, after receiving the motion, the party refuses to remedy the improper paper, claim, defense, contention, or denial." *Lovell Fam. Ltd. P'ship v. LG Preston Campbell, LLC*, No. 3:17-CV-625-M (BT), 2018 WL 4346725, at *2 (N.D. Tex. Aug. 10, 2018), *adopted by* 2018 WL 4335859 (N.D. Tex. Sept. 11, 2018) (citation omitted). Because Plaintiff withdrew the conversion claim after it was challenged in Corporate Officers' motion to dismiss, Rule 11 sanctions based on that claim are not warranted. *See* Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216; *see, e.g., Miguel v. Barnes & Noble, Inc.*, No. SA-07-CA-630-FB, 2008 WL 11417112, at *2 (W.D. Tex. Jan. 11, 2008) (declining to sanction plaintiff under Rule 11 because plaintiff abandoned the challenged claim before defendant moved for sanctions); *see also Hockley by Hockley v. Shan Enterprises Ltd. P'ship*, 19 F. Supp. 2d 235, 241 (D.N.J. 1998) ("A party is not required both to withdraw its

8

position and make a candid acknowledgment to avoid Rule 11 sanctions; withdrawal alone is sufficient.").

### 3. *Misrepresentation*

Defendants next contend that Rule 11 sanctions are appropriate because the misrepresentation claim in the third amended complaint was "frivolous as a matter of law" because it was based upon statements made in this litigation, and representations cannot be made in an adversarial context to show justifiable reliance. (doc. 70 at 8.)

The third amended complaint alleged that Defendants made untrue and misleading statements of material fact, and that Plaintiff "justifiably relied to his detriment that the Defendants would pay for his legal services which was a proximate cause of economic damages to [him]." (doc. 36 at 8.) Plaintiff's fourth amended complaint clarified that the allegedly untrue and misleading statements from Defendants were made prior to the filing of the lawsuit in 2019 and 2020. (doc. 73 at 18.) When, as here, the party complies with the Federal Rules of Civil Procedure by correcting the challenged contention prior to the expiration of the "safe harbor" period, the initial contention, without more, does not justify sanctions under Rule 11. *See* Fed. R. Civ. P. 11(c)(2); *Elliott*, 64 F.3d at 216; *see, e.g., Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132226, at *3 (N.D. Tex. May 27, 2020) (declining to impose sanctions under Rule 11 after plaintiff filed amended complaint that removed the "problematic" allegations which lacked evidentiary support).

### 4. *Negligence*

Defendants finally contend that sanctions under Rule 11 should be imposed against Plaintiff for his frivolous negligence cause of action because he "has been unable to come up with

9

any recognized duty in Texas imposed upon an officer of a foreign corporation based in a foreign state that would require the officer to hire certain independent contractors or to see to it that they were paid in accordance with their purported contracts with the corporation." (doc. 70 at 8.)

Plaintiff's fourth amended complaint asserted negligence claims against Corporate Officers, alleging that each officer was charged with the duty to promptly pay the attorney fees of Company's panel of defense counsel for legal services they rendered. (doc. 73 at 19.) It alleged that the legal duties owed by Corporate Officers were based on Company's written billing guidelines and "the six-year attorney-client contractual relationship." (*Id.*) It also alleged that Plaintiff had "zero control" over the billing guidelines and the third-party vendor that had previously paid Company's legal bills, and that the negligent failure to pay his attorney fees caused him economic damage and "reputational injury." (*Id.*)

Generally, in deciding whether a legal duty exists under Texas law, courts look to three predominant factors: "(1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy considerations." *Texas Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 34 (Tex. 2002). Here, Plaintiff alleged that the legal duties that Corporate Officers allegedly breached were based, in part, on a six-year attorney-client relationship and the fact that he lacked control over Company's billing and payment practices. (*See* doc. 73 at 19.) Even if Plaintiff's legal contentions concerning the duty element are unpersuasive, and the negligence claim would ultimately fail if tested on the merits, it was not objectively unreasonable. *See Peavy*, 89 S.W.3d at 36 (recognizing that a party can have a duty to control conduct when that duty is established under a contract). Rule 11 sanctions for Plaintiff's negligence claim are therefore not appropriate.

10

In conclusion, even though it was ultimately determined that personal jurisdiction over Corporate Officers was lacking, "Rule 11 does not require that the legal theory espoused in a filing prevail." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993). Because Plaintiff's suit against Corporate Officers is not "the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose," *Laughlin v. Perot*, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (emphasis in original), Defendants' motion for Rule 11 sanctions should be denied.

**B.     Plaintiff's Motion**

Plaintiff seeks sanctions against Company and its counsel based on the pleadings and conduct during discovery and settlement negotiations.[4]

### 1. *Factual Contentions*

Plaintiff first contends that the Court should award sanctions against Company and its counsel due to several factual misrepresentations in its answer and counterclaim, as well as in their subsequent pleadings and supporting affidavits. (doc. 77 at 1-2.) He specifically contends that Company "falsely denied," among other things, that it was the entity that hired Plaintiff, agreed to his hourly rate, agreed to reimburse him for costs, paid his prior invoices, and had an attorney-client contractual relationship with him. (doc. 78 at 4-8.) He also contends that his summary judgment evidence disproved Company's factual denials. (*Id.* at 6.)

Company responds that its summary judgment evidence supported the disputed factual contentions. (doc. 103 at 3-4.) It also argues that the allegations in Plaintiff's motion for sanctions

---

[4]Plaintiff formally served a copy of his motion for sanctions on Company's counsel on May 25, 2021, and later filed a substantially identical copy of his motion on June 17, 2021. (*See* doc. 78 at 11.) He has met his burden to show compliance with the safe harbor provision under Rule 11.

11

"go to the merits of his Breach of Contract claim against [it] and the defenses that [it] has raised," the consideration of which is inappropriate under Rule 11. (*Id.* at 5.)

As discussed, Rule 11 sanctions may be appropriate if "the allegations and other factual contentions lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation." *Bynum v. Am. Airlines, Inc.*, 166 F. App'x 730, 732 (5th Cir. 2006) (citing Fed. R. Civ. P. 11(b)(3)). An attorney has a duty to conduct a "reasonable inquiry into the facts and law of a case at the time [at] which [he] affixes [his] signature on any papers to the court." *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); *see also Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1026 (5th Cir. 1994) (identifying the factors considered when analyzing the reasonableness of a factual investigation). Even though an attorney has a duty of reasonable inquiry, his signature is not a "guarantee of all alleged facts, especially if the matter is not easily discovered by extrinsic evidence." *Health Net, Inc. v. Wooley*, 534 F.3d 487, 497 (5th Cir. 2008).

Plaintiff's Rule 11 motion is largely based on disputed evidence, and it essentially reasserts his summary judgment arguments about the legal and factual sufficiency of Company's pleadings and affidavits. "In determining whether Rule 11 sanctions should be imposed, the Court does not judge the merits of the action but rather, determines whether an attorney has abused the judicial process." *SortiumUSA, LLC v. Hunger*, No. 3:11-CV-1656-M, 2014 WL 1080765, at *5 (N.D. Tex. Mar. 18, 2014) (citing *Cooter & Gell*, 496 U.S. at 396). As explained in the Advisory Committee Notes for Rule 11, "Rule 11 motions ... should not be employed ... to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes." Fed. R. Civ. P. 11 advisory committee's note (1993 Amendments). "Rule 11 should not be used to test the legal or factual sufficiency of a party's claims." *SortiumUSA, LLC*, 2014

WL 1080765, at *5; *see Sievert v. Howmedica Osteonics Corp.*, No. 3:18-CV-2175-S, 2020 WL 2507678, at *3 (N.D. Tex. May 15, 2020) ("[T]he Motion for Sanctions appears to be based on disputed evidence, speculations about the contents of remaining discovery, and subjective opinions as to counsel's intent, none of which are proper bases for Rule 11 sanctions."); *Mark's Airboats, Inc. v. Thibodaux*, No. CIV.A. 6:13-0274, 2015 WL 1467097, at *4 (W.D. La. Mar. 27, 2015) ("The Court agrees that the motions for sanctions are not the appropriate vehicle for the Court to find that a facially valid claim is without factual or legal support."). Notably, Company prevailed on its motion for summary judgment on the breach of contract and suit on sworn account claims. (*See* doc. 113.) Because Plaintiff has not demonstrated that Company's counsel failed to conduct a reasonable investigation into the facts, or that the factual allegations in Company's pleadings and supporting affidavits lacked evidentiary support, his motion for Rule 11 sanctions on this basis should be denied. *See Childs*, 29 F.3d at 1026.

### 2. Discovery Process and Settlement Negotiations

Plaintiff next contends that Rule 11 sanctions are justified for Company's "abuse of discovery process," and for its failure to make a good faith effort to settle this lawsuit. (doc. 78 at 8-10.) Rule 11 does not apply to discovery disputes or to settlement efforts, however. *See Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1410 (5th Cir. 1993) (holding that Rule 11 sanctions did not apply to the violation of a discovery order because the attorney "had signed no objectionable court papers"); *Tejero*, 955 F.3d at 458 (holding that an attorney's violation of an order to exchange settlement offers did not justify Rule 11 sanctions as such conduct did not relate to a filing); *see also Nuccio v. KFC Nat. Mgmt. Co.*, No. CIV.A. 95-2586, 1997 WL 266629, at *2 (E.D. La. May 19, 1997) ("Rule 11 [ ] does not provide sanctions for abuse of the

discovery process."). As discussed, to impose sanctions under Rule 11, the court "must be able to point to some *federal filing* in which the sanctioned attorney violated that rule." *Edwards*, 153 F.3d at 245 (emphasis added); *Tejero*, 955 F.3d at 458 ("It follows from the text of Rule 11 that it applies *only* where a person files a paper.") (emphasis original). "Ample protection from the use of abusive tactics in litigation in respects other than the signing of papers is provided by other rules governing attorney conduct." *Thomas*, 836 F.2d at 875 (citing Fed. R. Civ. P. 26(g) (discovery papers); Fed. R. Civ. P. 56(g) (affidavits accompanying motions for summary judgment); 28 U.S.C. § 1927 (persistent prosecution of meritless claims); *Hall v. Cole*, 412 U.S. 1, 15 (1973) (court's inherent power)). Because "[c]onduct that does not involve a filing [ ] does not fall within the ambit of Rule 11," *Ayissi v. Kroger Texas, L.P.*, No. CV H-20-227, 2020 WL 6703844, at *9 (S.D. Tex. Nov. 13, 2020), *aff'd by* 849 F. App'x 489 (5th Cir. 2021), Plaintiff's request for sanctions under Rule 11 for Company's alleged abuse of discovery process and failure to engage in settlement negotiations fail as a matter of law, and should be denied.

### III.   28 U.S.C. § 1927

The parties also seek sanctions under 28 U.S.C. § 1927. (*See* doc. 69.)

Section 1927 of the United State Code, Title 28, provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Before a court can award sanctions under § 1927, it must make detailed findings that the proceedings were both unreasonable and vexatious. *Calhoun*, 34 F.3d at 1297. This standard requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed

to the court." *Edwards v. General Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). Courts often use repeated filings, despite warnings from the court, or other proof of excessive litigiousness, to justify sanctions. *See Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988) (noting that this section prohibits "the persistent prosecution of a meritless claim") (quoting *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc)); *Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002).

The Fifth Circuit advises courts to impose sanctions under § 1927 "sparingly," and further cautions that except when the entire proceeding has been unwarranted, unreasonable, and vexatious, and should therefore not have been initiated nor pursued, it will be inappropriate under § 1927 to shift the entire financial burden of an action's defense. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996) (quoting *Calhoun*, 34 F.3d at 1297). Under § 1927, monetary sanctions for expenses, costs, and attorneys' fees may be "imposed only on offending attorneys; clients may not be ordered to pay such awards." *Matta*, 118 F.3d at 413-14 (citing *Travelers Ins. Co. v. St. Jude Hosp.*, 38 F.3d 1414, 1416 (5th Cir. 1994)).

A. **Defendants' Motion**

Defendants contend that § 1927 sanctions are appropriate because Plaintiff "has persistently prosecuted his claims against [Corporate Officers] despite: (1) not having a legitimate cause of action against [them]; and (2) the fact that [they] are not subject to personal jurisdiction in a Texas forum." (doc. 70 at 9.) They argue that Corporate Officers' motion to dismiss for lack of jurisdiction contained evidence and case law which clearly established that they could not be

15

subject to personal jurisdiction in Texas. (*Id.*) They also argue that Plaintiff asserted "patently frivolous tort claims" against them, and his "repeated attempts to join [them] as parties to this suit when his theory of recovery should have been limited to a contract claim against [Company] is the epitome of persistent prosecution of meritless claims against [Corporate Officers]." (*Id.* at 9-10.)

As explained, the merits of Plaintiff's claims against Corporate Officers were never reached because the suit against them was dismissed for lack of personal jurisdiction. (*See* doc. 101.) Because the disputed claims have not yet been adjudicated, it cannot be said that the entire proceeding has been unwarranted and should neither have been commenced nor pursued. *See Calhoun*, 34 F.3d at 1297; *Gunn*, 81 F.3d at 535. Moreover, even if Plaintiff's claims against Corporate Officers were baseless, it does not mean they were brought in bad faith or for an improper purpose. *See EsNtion Records, Inc. v. TritonTM, Inc.*, No. 3-07-CV-2027-L, 2010 WL 3446910, at *5 (N.D. Tex. Aug. 31, 2010) (finding fact that a party was forced to defend against "objectively unreasonable" claims for which there was no evidence did not support an award for attorney's fees under § 1927); *Oblio Telecom, Inc. v. Patel*, No. 3-08-CV-0279-L, 2010 WL 99353, at *3 (N.D. Tex. Jan. 8, 2010) (explaining that "bad faith" of counsel in bringing lawsuit or vexatiously multiplying proceedings cannot be inferred from pleadings alone). Because Defendants have failed to meet their burden to establish that the proceedings were both unreasonable and vexatious, it would not be appropriate under § 1927 to shift the entire financial burden of the action's defense. *See Calhoun*, 34 F.3d at 1297. Accordingly, their request for sanctions against Plaintiff under § 1927 should also be denied.

**B.    Plaintiff's Motion**

Plaintiff generally moves for sanctions under § 1927 for the same reasons he seeks

sanctions under Rule 11. (doc. 78 at 10.) He argues that sanctions are appropriate because Company and its counsel "vexatiously and unreasonably multiplied the proceedings in the lawsuit by continuing to 'deny the undeniable' such as [Company] denying that [it] had ever hired the Plaintiff for any legal matter" (doc. 77 at 2),[5] but this argument has already been considered in his request for sanctions under Rule 11. As discussed, Plaintiff has not shown that Company and its counsel should be assessed sanctions under Rule 11 for asserting allegedly false factual contentions in Company's pleadings and affidavits. He similarly fails to show that Company's pleadings and affidavits with those allegedly false factual contentions were unreasonable or vexatious to justify sanctions under § 1927. *See Calhoun*, 34 F.3d at 1297; *Gunn*, 81 F.3d at 535. Even if the factual contentions were false, Plaintiff offers no evidence of "specific conduct" by Company's counsel to show that he filed any pleadings or affidavits in bad faith, for an improper purpose, or in reckless disregard of the duty owed to the court. *See Edwards*, 153 F.3d at 246. Accordingly, his request for sanctions under § 1927 should be denied.

## IV. RECOMMENDATION

Both motions for sanctions should be **DENIED**.

**SO RECOMMENDED** on this 16th day of September, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Plaintiff appears to seek § 1927 sanctions against Company, but only attorneys can be ordered to pay sanctions under § 1927, not their clients. *See Travelers Ins. Co.*, 38 F.3d at 1416. To the extent that Plaintiff is moving for § 1927 sanctions against Company, that request should be denied.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE